1

2

Judge Ronald B. Leighton
No Trial Date Set

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 1**

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLIAM BOSHEARS as PERSONAL
REPRESENTATIVE For The ESTATE OF
CHRISTINA BOSHEARS; WILLIAM
BOSHEARS as GUARDIAN of  MINOR CHILD
M.J.; and, JORDAN BOSHEARS

                              Plaintiff,

vs.

KITSAP COUNTY, A MUNICIPAL
CORPORATION; STEVE BOYER, SHERIFF,
INDIVIDUALLY AND OFFICIALLY AS
EMPLOYEE AND/OR AGENT OF KITSAP
COUNTY, WASHINGTON; NED NEWLIN,
JAIL ADMINISTRATOR, INDIVIDUALLY and
OFFICIALLY as EMPLOYEE and/or AGENT
OF KITSAP COUNTY, WASHINGTON;
CONMED LLC; CONMED, INC.; CORRECT
CARE SOLUTIONS, LLC; CONMED
HEALTHCARE MANAGEMENT, INC.;
DEBBIE BUCK, LPN, INDIVIDUALLY and as
EMPLOYEE for  CONMED  LLC and/or
CONMED, INC. and/or CORRECT CARE
SOLUTIONS, LLC and/or CONMED
HEALTHCARE MANAGEMENT, INC.;
LYNNE WILLIAMS, LPN, INDIVIDUALLY
and as  EMPLOYEE FOR CONMED  LLC and/or
CONMED, INC. and/or CORRECT CARE
SOLUTIONS, LLC and/or CONMED
HEALTHCARE MANAGEMENT, INC; SARAH
JOHNSON, LPN, INDIVIDUALLY and as
EMPLOYEE FOR CONMED LLC and/or
CONMED, INC. and/or CORRECT CARE
SOLUTIONS, LLC or CONMED
HEALTHCARE MANAGEMENT, INC; VIVEK
SHAH, MD, INDIVIDUALLY and as
EMPLOYEE FOR CONMED LLC and/or
CONMED, INC. and/or CORRECT CARE
SOLUTIONS, LLC and/or CONMED
HEALTHCARE MANAGEMENT, INC; JOHN
AND JANE DOEs 1-10, AND ABC –JKL
CORPORATIONs or LLCs or PLLCs,

                              Defendants.

NO.   3:16-cv-06012-RBL

**PLAINTIFFS' FIRST
AMENDED COMPLAINT
FOR
WRONGFUL DEATH RE:
MEDICAL
NEGLIGENCE,
VIOLATION OF CIVIL
RIGHTS, 42 USC §§ 1983,
and 1988, RCW 7.70, *et.
seq.,* and for TORT OF
OUTRAGE**

**[JURY DEMAND
Requested]**

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 2**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Plaintiffs above named by and through counsel Jeffery M. Campiche of Campiche Arnold PLLC and John C. Andrews of Bishop, Cunningham, & Andrews, Inc. P.S. alleges:

## 1. PARTIES/JURISDICTION/VENUE

## INTRODUCTION

1.1   This is an action arising out of the death of Christina Boshears while in the custody, care, and control of the Kitsap County Sheriff Office Jail (KCSOJ). Defendants were made aware at intake that Christina was a daily heroin user. Defendants custom and practice was to disregard written policy and not initiate monitoring for withdrawal symptoms. Defendants were aware that while in the custody, care, and control of the KCSOJ Christina Boshears was experiencing complications because of her withdrawal from heroin.  Despite this knowledge, the defendants responded to her serious medical condition with deliberate indifference.

1.2   During her incarceration, Christina Boshears' condition worsened because of defendants' failure to provide her with proper and standard medical care and treatment. Just two days after intake, Christina Boshears was incoherent from dehydration, a condition known to require administration of fluids. Although defendants observed this condition they failed and refused to properly treat her. Instead the defendants actively denied her access to a medical doctor. Christina Boshears was dying

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 3**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

of dehydration and remained in agony. On the final day of incarceration, Christina Boshears was found in her own feces and urine, a condition known to require emergency treatment in a community hospital. No treatment of any kind was provided.

1.3     Defendants' customs, policies, and practices are to strictly limit community hospitalizations to control costs. In addition to aggressive cost containment, defendants' customs, practices, and policies are to use inadequate tools, incentivize staff to withhold necessary medical care, disregard written policy, and provide inadequate training to prevent violation of inmates' constitutional rights. Defendants were aware of Christina Boshears' grave condition but failed and refused to treat her properly. Because of their failure, Christina Boshears became dehydrated; the dehydration caused hyperkalemia; and hyperkalemia led to her death from Cardiac Arrhythmia.

1.4     Christina Boshears' death was easily preventable had defendants only hydrated her. Instead, their actions, collectively and individually, resulted in Christina Boshears' excruciating pain, unnecessary suffering, and death. The customs, practices, and policies of Defendant ConMed and Defendant Kitsap County were the moving force behind the deliberate indifference to Christina Boshears' serious medical condition.

1.5     By this action, plaintiffs seek both compensatory and punitive damages against the named defendants for conduct under color of state law which deprived Christina Boshears of the rights secured under the Constitution and Laws of the United

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 4**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

States, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

1.6    Plaintiffs also seek compensation under Washington statute RCW 7.70 *et. seq.* (medical malpractice) for the death of Christina Boshears proximately caused by the defendant health care providers' failure to comply with the standards of care of reasonably prudent Washington state doctors, nurses, nursing assistants and jail health care providers.

1.7    Plaintiffs also seek compensation under the Tort of Outrage for reckless infliction of emotional distress proximately caused by the defendants' extreme and outrageous conduct.

## JURISDICTION

1.8    This action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, §§ 1983 and 1988.

1.9    This court has jurisdiction of this case under Title 28 of the United States Code, §§1331, 1332, 1342(4), and 1343. The Court's supplemental jurisdiction 28 U.S.C §1367 is also invoked to assert Plaintiff's claims against the defendants for the torts of medical malpractice and outrage under the laws of the State of Washington.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 5**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1.10    Venue is proper in this District under then following laws: under 28 U.S.C. § 1391 (b)(1), because some of the defendants reside in the Western District of Washington and all defendants are residents of the State of Washington within the meaning of 28 U.S.C. §1391; under 28 U.S. C. 1391 (b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred within the Western District of Washington; under 28 U.S. C. §1391 (b)(3), because some or all of the defendants are subject to the personal jurisdiction of the court.

## PARTIES

1.11    Plaintiff William Boshears is the Court Appointed Personal Representative for the Estate of Christina Boshears under Kitsap County Cause No: 14-4-00449-3.

1.12    Plaintiff William Boshears is the Guardian for minor child M.J date of birth (DOB)   05-11-04. M.J is the surviving minor child of   decedent Christina Boshears.

1.13    Christina Boshears.

1.14    Defendant Kitsap County (County) is a municipal corporation and governmental subdivision of the State of Washington located in  Kitsap County.

1.15    Defendant, ConMed LLC, is a Maryland Corporation, duly registered and doing business as a health care provider in Washington state as defined by RCW 7.70 *et*

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 6**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

*seq*, which provided the health care to decedent Christina Boshears that was a cause of her death.

       1.16    Defendant, CONMED, INC. is a Maryland Corporation, duly registered and doing business as a health care provider in Washington state as defined by RCW 7.70 *et seq*, which provided the health care to decedent Christina Boshears that was a cause of her death.

       1.17    Defendant, Correct Care Solutions, LLC is a Kansas Corporation, duly registered and doing business as a health care provider in Washington state as defined by RCW 7.70 *et seq*, which provided the health care to decedent Christina Boshears that was a cause of her death.

       1.18    Defendant, ConMed Healthcare Management, Inc. is doing business as a health care provider in Washington state as defined by RCW 7.70 *et seq*, which provided the health care to decedent Christina Boshears that was a cause of her death.

       1.19    Defendants ConMed LLC, CONMED INC., Correct Care Solutions LLC, and ConMed Healthcare Management Inc. are hereafter collectively referred to as "ConMed", unless otherwise referred to individually.  Upon discovery, plaintiffs will amend or substitute the correct party defendants.

       1.20    Defendant, Steve Boyer Sheriff of Kitsap County at the times complained of  is sued in his individual and official capacities.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 7**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1.21    Defendant, Ned Newlin Jail Administrator of KCSOJ is sued in his individual and official capacities.

1.22    Defendant, John and Jane Does 1-10 are health care providers who may or may not be employees of ConMed whose identities are presently unknown to plaintiffs who provided medical care that fell below the standard of care for such a health care provider to decedent Christina Boshears while she was incarcerated at KCSOJ during December  2013.  Upon discovery, plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

1.23    Defendant ABC-JKL Corporations are corporations or Limited Liability Corporations (LLC) or Professional Limited Liability Corporations (PLLC) whose employees are health care providers who provided medical care that fell below the standard of care for such a health care provider to the decedent  Christina Boshears while she was incarcerated at KCSOJ during December 2013.

1.24    Defendant Dr. Vivek Shah, MD, Medical Director to KCSOJ, was at all times material to this lawsuit a Washington State licensed health care provider as defined by RCW 7.70 *et seq*, who provided health care to decedentChristina Boshears that was a cause of her death. Dr. Shah was employed by, and acting in the scope of his employment as an employee of Defendant ConMed, as contracted by Defendant Kitsap County. Defendant is sued in his individual and official capacities. Upon discovery,

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 8**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

1.25    At all times material to this lawsuit Defendant, Debbie Buck, LPN, was a Washington State licensed health care provider as defined by RCW 7.70 *et seq.,* who provided health care to decedent Christina Boshears that was a cause of her death and was employed by, and acting in the scope of her employment as an employee of Defendant ConMed, as contracted by Defendant Kitsap County. Defendant Buck LPN is sued in her individual and official capacities. Upon discovery, plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

1.26    At all times material to this lawsuit Defendant Lynne Williams, LPN, was a Washington State licensed health care provider as defined by RCW 7.70 et seq, who provided health care to decedent Christina Boshears that was a cause of her death and was at all times material a licensed health care provider, employed by, and acting in the scope of her employment as an employee of Defendant ConMed, as contracted by Defendant Kitsap County. Defendant Williams LPN is sued in her individual and official capacities.  Upon discovery, plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

1.27    At all times material to this lawsuit Defendant Sarah Johnson, LPN, was a Washington State licensed health care provider as defined by RCW 7.70 *et seq,* who

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 9**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

provided health care to decedent Christina Boshears that was a cause of her death and was employed by, and acting in the scope of her employment as an employee of Defendant ConMed, as contracted by Defendant Kitsap County. Defendant Johnson LPN is sued in her individual and official capacities.  Upon discovery, plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

1.28    Defendants Dr.  Shah, and nurses  Buck, Williams, and Johnson are hereafter collectively referred to as "Heath Care Provider Defendants", unless otherwise referred to individually.  Upon discovery, plaintiffs will amend or substitute the correct relationship of the corporate defendants "ConMed" and employee/agents.

## 2.  FACTS

### Christina Boshears

2.1    Christina Boshears was the mother of two children, Plaintiffs Minor Child M.J. and adult child, Jordan Boshears.

2.2    Christina Boshears, like many people, struggled with heroin addiction.

2.3    Because of her addiction, Christina had been arrested and incarcerated at the KCSOJ at least nine times between 2012 and 2013.

2.4    At eight of the nine arrests, Christina reported to KCSOJ her regular use of heroin, an opiate.

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 10**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.5     As an inmate at KCSOJ Christina Boshears was physically prohibited from obtaining health care of her choosing and was dependent upon the defendants for necessary health care.

2.6     Untreated opioid withdrawal results in needless suffering.

2.7     Untreated opioid withdrawals can lead to death.

2.8     While incarcerated during December 11-15, 2013 at the KCSOJ inmate Christina Boshears, a known heroin addict, required medical care for the serious medical consequences caused by her withdrawing from heroin addiction.

**Defendants Duty**

2.9     The defendants  had a legal duty to provide inmates under their control, including Christina Boshears, with health care that complied with the standard of care for a Washington health care provider providing health care to inmates including inmates who were suffering from withdrawal from heroin addiction.

2.10    The defendants had a legal duty to provide reasonable and necessary health/medical treatment to inmates suffering from withdrawals from drug addiction while incarcerated at KCSOJ.

2.11    The defendants had a legal duty to provide necessary and reasonable health/medical treatment that complied with the standard of care for a reasonably

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 11**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

prudent jail medical staff to Christian Boshears while she was incarcerated at KCSOJ in December 2013.

2.12    Defendant Kitsap County is responsible to assure that all inmates incarcerated at KCSOJ receive necessary health care. Defendant Kitsap County entered a contract with Defendant ConMed whereby ConMed would deliver necessary healthcare to inmates.

2.13    Defendants' breached their duty to provide health/medical care that complied with the Washington State standard of care for a reasonable prudent heath care provider of their same profession.

2.14    Defendants' breach of their duties to provide Christina Boshears health care that complied with the Washington State standard of care for a reasonably prudent health care provider of their same profession was a cause of Christina Boshears death and plaintiffs' harms, losses, and damages.

**Custom, Practice, and Policy**

2.15    The defendants, despite written policies that required providing monitoring and treatment of inmates withdrawing from opiate addiction, had an actual policy not to initiate monitoring for drug withdrawal.

2.16    Despite actual knowledge of Christina Boshears' heroin addiction, when Christina Boshears was incarcerated at the KCSOJ on December 11, 2013, Defendants

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 12**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

did not promptly place Christina Boshears on a monitoring protocol for withdrawal symptoms.

2.17    When Christina Boshears was incarcerated at KCSOJ between 2012 and 2013, KCSOJ staff were made aware that she was at high risk to withdraw from heroin. Despite the written policy, she was never immediately started on a monitoring protocol for withdrawal symptoms. The actual policy was to disregard the written policy.

2.18    Defendant Steve Boyer, then Sheriff of Kitsap County, knew or should have known, that the actual policies of Defendant ConMed and KCSOJ staff was to not follow the written policy to initiate monitoring for withdrawal symptoms.

2.19    Defendant Ned Newlin, Jail Administrator, knew or should have known that the actual policy of Defendant ConMed and KCSOJ staff was to not follow the written policies to initiate monitoring for withdrawal symptoms.

2.20    The defendants, despite written policies that required transportation to the community hospital if an inmate medically declined, had an actual policy to strictly restrict the transfer of inmates to the community hospital.

2.21    The contract between Defendant Kitsap County and Defendant ConMed clearly articulates customs, practices, and policies that prioritize and incentivize cost savings. By entering this contract, both Defendants Kitsap County and ConMed in effect endorsed and promulgated these customs, practices, and policies.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 13**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.22    Defendant Steve Boyer, then Sheriff of Kitsap County, as a party to the contract between Defendant Kitsap County and Defendant ConMed, authorized Defendant ConMed in promulgating policies, practices, and customs that were the moving force behind deliberate indifference to serious medical needs.

2.23    Defendant Ned Newlin, Jail Administrator, as a party to the contract between Defendant Kitsap County and Defendant ConMed, authorized Defendant ConMed in promulgating policy that was the moving force behind deliberate indifference to serious medical needs.

2.24    Defendant Steve Boyer, Sheriff of Kitsap County, knew or should have known, that the actual policies, practices, and customs of Defendants ConMed and KCSOJ staff were to strictly limit transfers to community hospital despite medical needs.

2.25    Defendant Ned Newlin, Jail Administrator knew or should have known that the actual policies, practices, and customs of Defendant ConMed and KCSOJ staff were to strictly limit transfers to community hospital despite medical needs.

2.26    The defendants, acting under the color of state law, pursuant to their policies, customs and practices, failed to provide Christina Boshears reasonable and necessary medical care for painful, serious, life threatening, medical condition caused by her withdrawal from heroin while incarcerated at the KCSOJ, and in this way violated her US Constitutional rights under the 8th and 14th Amendments to receive necessary and

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 14**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

reasonable medical care while incarcerated and constituted cruel and unusual punishment.

2.27    Defendants' failures to provide inmate Christina Boshears reasonable and necessary health care while she was incarcerated at KCSOJ demonstrated deliberate indifference to Christina Boshears rights, person, health, and life.

2.28    Defendants' unconstitutional actual policies, practices, and customs as opposed to written policies, and their customs and practices were the driving force behind the defendants' violation of inmate's constitutional rights to medical care, that caused their failure to provide inmate Christina Boshears reasonable and necessary health care while she was incarcerated at KCSOJ, causing Christina Boshears substantial pre-death pain and suffering and death.

**Christina Boshears' Final Incarceration**

**December 11, 2013**

2.29    On December 11, 2013 at 1:30 PM, Christina Boshears was arrested for an outstanding warrant for a parole violation and incarcerated at KCSOJ.

2.30    At the time of her arrest, officers found a needle used to inject heroin in Christina Boshears' purse, which was reported to defendants.

2.31    Defendants KCSOJ and/or Defendant ConMed employee, Defendant Debbie Buck, LPN interviewed Christina Boshears and completed the Integrated Intake Screen on December 11, 2013 at 10:45 pm.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 15**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.32    Defendant Debbie Buck, LPN documented that Christina Boshears was a daily heroin user.

2.33    Christina Boshears informed Defendant Debbie Buck LPN that she consumed one gram of heroin daily and had injected heroin earlier that day, December 11, 2013.

2.34    Defendant Debbie Buck LPN documented that Christina Boshears was a regular heroin user, addict, who had injected herself with heroin earlier that day, December 11, 2013.

2.35    Based on the information in the foregoing paragraph KCSOJ, Defendant ConMed and Defendant Debbie Buck, LPN knew or should have known of the high likelihood that Christina Boshears would suffer heroin withdrawal while in custody at KCSOJ in December 2013.

2.36    During the intake process, Christina Boshears agreed to a blood draw.

2.37    On December 11, 2013, at 10:45 pm Christina Boshears' blood pressure was 108/72.

2.38    At all times relevant to this lawsuit, Defendant KCSOJ has a written Intoxication and Withdrawal Policy. The stated purpose of this policy is to, "establish guidelines for the treatment and observation of inmates manifesting mild or moderate symptoms of … withdrawal from … drugs."

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 16**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.39    The purpose of KCSOJ's Intoxication and Withdrawal Policy is to protect the health and life of inmates at KCSOJ who are addicted to alcohol or drugs.

2.40    The Defendants knew or should have known that heroin users incarcerated at KCSOJ were at risk of suffering health risks including death associated with withdrawals from heroin.

2.41    Defendant KCSOJ written Intoxication and Withdrawal Policy mandates KCSOJ to place all inmates who are at risk of detoxing on a detox protocol.

2.42    The KCSOJ detox protocol requires KCSOJ health care providers to provide inmates suffering from addiction withdrawals appropriate health care to protect the inmates from serious injury or death while there are suffering from withdrawals from alcohol or drugs.

2.43    The KCSOJ written detox protocol requires KCSOJ health care providers to complete of a "detox flow sheet" for each patient suffering withdrawals from alcohol and drugs at least once on each shift.

2.44    The detox flow sheet uses the Modified Selective Severity Assessment (MSSA) as an assessment tool.

2.45    The MSSA is designed to monitor and quantify an inmates alcohol withdrawal symptoms.

2.46    The MSSA was not designed to monitor or treat opiate withdrawal symptoms and is not an appropriate tool for that purpose.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 17**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.47    Defendant Debbie Buck, LPN was aware that Christina Boshears used heroin daily, had last used on December 11, 2013, and probably would suffer from heroin withdrawals while incarcerated at KCSOJ during December 2013.

2.48    KCSOJ written policy required KCSOJ to implement a detox protocol for inmates who are heroin users and addicts.

2.49    The customs and practices of KCSOJ and Defendant ConMed was to not implement a detox protocol for all inmates at risk of drug withdrawal symptoms.

2.50    Christina Boshears was booked into and incarcerated at KCSOJ on December 11, 2013 at 11:34 pm.

2.51    Defendants knew or should have known, that Christina Boshears was likely to suffer from heroin withdrawals while incarcerated at KCSOJ. KCSOJ health care providers including but not limited to Defendants ConMed and Defendant Debbie Buck, LPN did not initiate a detox protocol for Christina Boshears.

**December 12, 2013**

2.52    On December 12, 2013 at 12:05 am, Christina Boshears told KCSOJ Officer Trupp that while incarcerated she would withdraw from heroin and had a history of medical problems with heroin withdrawal.

2.53    KCSOJ Officer Trupp notified Defendants KCSOJ and Defendant ConMed health care providers/medical staff of Christina Boshears' medical history of

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.
jandrews@bcalawyers.com

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 18**

heroin addiction and withdrawal medical problems and provided medical staff a copy of the medical screening he completed.

2.54    On December 12, 2013, at 12:28 am, Christina Boshears was moved from booking to KCSOJ, South C, 06.

2.55    Christina Boshears did not eat breakfast at 5:49 am. She never ate breakfast on December 12, 2013. She did not drink fluids on December 12, 2013.

2.56    On December 12, 2013, at 7:30 am, Christina Boshears was moved from KCSOJ, South C, 06 to KCSOJ, East, D, 11.

2.57    Lunch was available at 11:50 am. Christina Boshears never ate lunch. She did not drink fluids.

2.58    KCSOJ and Defendant ConMed did not monitor or treat Christina Boshears for heroin withdrawal on December 12, 2013.

**2.59**    Christina Boshears did not dinner or drink fluids on December 12, 2013.

**December 13, 2013**

2.60    On the morning of December 13, 2013, Christina Boshears complained to KCSOJ staff that she was withdrawing from heroin.

2.61    Christina Boshears did not eat breakfast or drink fluids on December 13, 2013.

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 19**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.62    Because of Christina Boshears having told staff she was actively withdrawing from heroin, Defendants KCSOJ and/or Defendant ConMed health care provider Michelle Bonnes, LPN completed the first MSSA screening at 9:00 am.

2.63    The MSSA is a tool designed to monitor alcohol withdrawal symptoms by tracking blood pressure, pulse, temperature orientation, tremors, ataxia, agitation, stupor, hallucinations, vomiting, abdominal cramps, piloerection, sweating, and if beta blockers are being taken. Based on the presence or level of each symptom a number is assigned. The numbers are then totaled for an overall score.

2.64    The MSSA does not monitor fluid intake.

2.65    At 9:00 am, On December 13, 2013, Defendants KCSOJ / ConMed health care providers recorded Christina Boshears' MSSA score as 6.

2.66    At 9:00 am, on December 13, 2013 Defendants KCSOJ/ ConMed health care providers recorded Christina Boshears' blood pressure as 87/68.

2.67    At 9:00 am, on December 13, 2013 Defendants KCSOJ/ ConMed health care providers scored Christina Boshears at 0 for stupor and orientation. This score indicates that Christina Boshears was alert and oriented to person, place, and date at the time.

2.68    Later, at lunch, Christina Boshears medical condition had declined. She was having "difficulty sustaining a lengthy conversation."

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 20**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.69     Christina Boshears did not eat lunch or drink fluids on December 13, 2013.

2.70     At 2:15 pm, Defendant Michelle Bonnes, LPN completed the second MSSA. Christina Boshears' MMSA score increased to a 7. Her blood pressure was 106/54. Christina Boshears' stupor had increased from 0 to 3 and orientation had increased from 0 to 2.

2.71     A stupor score of 3 indicates Christina Boshears had decreased alertness and consciousness with lethargy, but was rousable. An orientation score of 2 indicates that Christina Boshears was oriented to self and place, but not the date.

2.72     Christina Boshears' blood pressure had dropped from 87/68 to 106/54. Low blood sugar is an indicator of dehydration.

2.73     The written Intoxication and Withdrawal Policy states that "if an inmates condition deteriorates during the detoxification process, the inmate will be transferred to the community hospital for specialized care."

2.74     Defendant ConMed is the contracted provider of medical services for KCSOJ. Defendant ConMed's customs, policies, and practices are  to "always provide the most cost effective … healthcare solutions."

2.75     Defendant ConMed's customs, policies, and practices are to provide cost effective solutions "is deeply ingrained in all of [its] staff and managers."

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 21**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.76    Defendant ConMed's actual policies, customs, and practices are to keep costs low through a policy of limiting off-premises inmate healthcare visits.

2.77    Christina Boshears was not transferred to the hospital on December 13, 2013. Instead, at 3:15 pm, Defendant Michelle Bonnes, LPN called Defendant  Dr. Shah, Medical Director and requested an "I-9 protocol" for detox.

2.78    The I-9 protocol includes nine items: 1) detox flow sheet monitoring for 7 days; 2) multivitamin for 7 days; 3) Phenergan every 8 hours as needed for nausea; 4) Imodium as needed one time for diarrhea; 5) for a blood pressure between 150/90 and 159/109 give Clonidine 0.1mg every 8 hours for 7 days; 6) for a blood pressure between 160/110-169/119 give Clonidine 0.2 mg every 8 hours for 7 days; 7) for a blood pressure greater than 170/120 or increasing scoring on detoxification flow sheet call clinician; 8) Tylenol as needed for body ache for 7 days; and, 9) please add patient on next provider clinic.

2.79    The I-9 protocol is intended, in part, to assist inmates with detox and assure that an inmate continues eating and drinking to prevent dehydration. But, the I-9 protocol does not include documenting fluid intake, encouraging fluids, or administering fluids to monitor and prevent dehydration.

2.80    Defendant Michelle Bonnes, LPN completed Christina Boshears' third MSSA at 7:00 pm, on December 13, 2013. The total score was now a 6. Christina Boshears' stupor and orientation remained unchanged at 3 and 2, but she now scored a 1

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 22**

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

for ataxia. A score of 1 for ataxia indicates that Christina Boshears had developed "a lack of muscle coordination affecting speech, ability to walk, and hand-eye coordination" since the last assessment less than four hours prior.

2.81    Christina Boshears did not eat dinner or drink fluids on December 13, 2013.

2.82    At the end of her shift, Defendant Michelle Bonnes, LPN checked on Christina Boshears one last time. Christina Boshears was even more disoriented. Michelle Bonnes, LPN asked the oncoming nurse to "keep an eye on [Christina] because she was becoming dehydrated."

**Morning, December 14, 2013**

2.83    On the morning of December 14, 2013, KCSOJ Officer Mann approached Christina Boshears to come to the medication cart to receive medication for morning med pass. He observed Christina Boshears as sleeping. When questioned by KCSOJ Officer Mann she would only respond with "ouch."

2.84    Christina Boshears' response and behavior so concerned KCSOJ Officer Mann that he checked with Defendant Lynne Williams, LPN to ensure that Christina Boshears was scheduled to see the doctor that afternoon. Christina Boshears was scheduled to see the doctor that afternoon.

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 23**

BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.
jandrews@bcalawyers.com

2.85    The written KCSOJ Intoxication and Withdrawal Policy requires that once the detox protocol is initiated, the MSSA is to be completed at least three times per day and more frequently if indicated.

2.86    Defendant Lynne Williams, LPN failed to complete the detox flow sheet the morning of December 14, 2013, despite Christina Boshears' obvious decline.

2.87    Defendant Lynne Williams, LPN documented that Christina Boshears "verbally refused her vital signs to be taken" and refused her meds during the morning med pass. However, Christina Boshears never came to morning med pass on December 14, 2013.

2.88    The signs and symptoms displayed by Christina Boshears on the morning of December 14, 2013 indicated she was dehydrated.

2.89    At this point medical staff should have encouraged and supervised her fluid intake.

2.90    Christina Boshears did not eat breakfast or drink fluids on December 14, 2013.

2.91    Defendant, Lynne Williams, LPN did not assess Christina Boshears on the morning of December 14, 2013.

**Afternoon, December 14, 2013**

2.92    KCSOJ Officer Tutasi was tasked with taking Christina Boshears to KCSOJ "medical" on the afternoon of December 14, 2013, to be seen by a doctor.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 24**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

KCSOJ Officer Mahn offered to assist Officer Tutasi because Christina Boshears had been so lethargic and unresponsive earlier that day.

2.93    When KCSOJ Officers Tutasi and Mahn arrived at Christina Boshears' cell at 12:15 pm, Christina Boshears was topless so KCSOJ Officer Capurso, a female officer, was called to assist.

2.94    When KCSOJ Officer Capurso entered the cell, Christina Boshears appeared to be sleeping. Officer Capurso was unable to wake Christina Boshears verbally. Officer Capurso then began shaking Christina Boshears' upper torso to wake her. In response, Christina Boshears began moaning.

2.95    KCSOJ Officer Capurso put Christina Boshears' shirt back on. Once Christina Boshears' shirt was on, Officers Tutasi and Mahn entered the cell.

2.96    Then Officers Tutasi, Mahn, and Capurso tried to get Christina to sit up on her own, but she could not. Christina was not strong enough to comply with verbal commands.

2.97    Two KCSOJ officers assisted Christina Boshears into a sitting position. Officer Capurso used Christina's left arm to balance her. Officer Tutasi called for an evaluation by Defendant ConMed's medical staff.

2.98    Defendant Debbie Buck, LPN responded to the request and came to the cell to complete an evaluation. She completed an MSSA at 12:30 PM.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 25**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.99   Christina Boshears' MSSA score had increased to 14. Her blood pressure was 108/69. Christina Boshears' stupor remained at 3, she remained lethargic with decreased consciousness.

2.100   Christina Boshears was also more disoriented and now scored a 3, meaning she was only oriented to person OR place, or she was not oriented at all. She had also developed a tremor.

2.101   Defendant Debbie Buck, LPN scored Christina Boshears' ataxia as a 1. But, when someone is unable to sit, or ambulate, as in Christina's case, the score should be a 2.

2.102   With a total MSSA score of 14 at 12:30 pm on December 14, 2013, Christina Boshears' MSSA score had more than doubled since the last MSSA on December 13, 2013 at 7:00 pm, a full 12 ½ hours prior.

2.103   KCSOJ Officers Tutasi and Mahn had initially come to Christina Boshears' cell to take her to see a doctor located at KCSOJ. Although, she was scheduled to see a doctor, and her MSSA score had more than doubled, she did not receive a medical exam by a doctor while at KCSOJ.

2.104   Instead of keeping Christina Boshears' doctor appointment on December 14, 2013, Defendant Debbie Buck, LPN chose not to send Christina to see the doctor because she believed Christina was "faking it."

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 26**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.105   Instead of allowing Christina Boshears to be seen by a doctor at KCSOJ, Defendant Debbie Buck, LPN called Defendant Dr. Vivek Shah at 12:40 pm to discuss Christina Boshears elevated MSSA score.

2.106   The written Withdrawal and Intoxication policy indicates that if an inmate's "condition deteriorates during the detoxification process; the inmate will be transferred to the community hospital for specialized care."

2.107   Defendant, ConMed's practice is to control costs by consulting with the staff Physician whenever possible before activating emergency medical transport to the community hospital. Defendant ConMed has established an incentive program that is focused on cost effectiveness.

2.108   Despite the written Withdrawal and Intoxication Policy, Defendant Dr. Shah did not order Christina Boshears transferred to the hospital for specialized care during the phone call at 12:40 pm. Instead, Defendant Dr. Shah prescribed Christina Librium, with an instruction to hold for drowsiness.

2.109   Christina Boshears never received any Librium while at KCSOJ.

2.110   After Christina Boshears' 12:30 pm evaluation by Defendant Debbie Buck, LPN, Defendant Debbie Buck, LPN thought Christina Boshears was faking it. Although Defendant Debbie Buck, LPN thought Christina was faking it, the KCSOJ officers present (Tutasi, Mahn, and Capruso) determined that Christina Boshears should be moved to South C-6 for medical observation.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 27**

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.111   Defendant Debbie Buck, LPN did not determine that Christina Boshears should receive medical observation.

2.112   Medical observation is only initiated by nursing staff. Additional medical observation was never initiated for Christina Boshears while at KCSOJ.

2.113   At 12:39 pm, KCSOJ Officers Tutasi, Mahn, and Capruso handcuffed Christina Boshears and took her to KCSOJ, South C, 6. Two officers held Christina Boshears up and one officer walked behind her.

2.114   At 12:45 pm Defendant Lynne Williams, LPN documented that Christina Boshears verbally refused her medication.

2.115   Christina Boshears did not eat lunch or drink fluids on December 14, 2013.

2.116   Defendants knew or should have known that Christina Boshears medical condition was serious.

**Evening, December 14, 2013**

2.117   On December 14, 2013, Christina Boshears did not eat the dinner or drink any fluids.

2.118   At 8:55 PM, Defendant, Sarah Johnson, LPN observed Christina Boshears sleeping with her arms inside her shirt. When Defendant, Sarah Johnson, LPN pushed on Christina Boshears' thigh, Christina Boshears responded with a moan.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 28**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Defendant, Sarah Johnson, LPN failed to complete the MSSA, documenting that she was "unable to assess."

2.119   Per the written policy, the MSSA is to be completed three times per day and more often if indicated. Christina Boshears' condition had deteriorated significantly since December 13, 2013, when she began to demonstrate withdrawal symptoms but the MSSA was only completed once on December 14, 2013

2.120   After Defendant, Sarah Johnson, LPN saw Christina Boshears, failing to complete an assessment at 8:55 pm, Christina Boshears was not observed again by medical staff for 11 hours despite her decline.

**Morning, December 15, 2013**

2.121   On December 15, 2013 at 8:00 AM, Christina Boshears was found in her cell with her shirt pulled up around her neck. KCSOJ Officer Skjordal (male) and another male officer asked her to cover up but she did not respond. KCSOJ Officer Coates, a female, arrived to assist.

2.122   To KCSOJ Officer Coates it appeared that Christina Boshears had been trying to take the shirt off and "just gave up," leaving the shirt wrapped around her neck. Officer Coates could see and smell that Christina Boshears had been incontinent of bowel and bladder and was lying in her soiled clothing.

2.123   Defendant Lynne Williams, LPN was called and came to assess Christina Boshears. Then KCSOJ Officer Griffo, female officer, arrived to assist.

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 29**

BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.
jandrews@bcalawyers.com

2.124   Defendant Lynne Williams, LPN and Officer Griffo watched as Officer Coates removed Christina Boshears' shirt and soiled clothing.

2.125   While Officer Coates undressed Christina Boshears, Christina Boshears lay in her bunk, moaning, groaning and shivering. The cell smelled of feces.

2.126   Officer Griffo covered Christina Boshears with a suicide blanket. Then Defendant,

2.127   Defendant Lynne Williams, LPN took Christina Boshears' blood pressure.

2.128   Although Christina Boshears had been moved to South Pod for medical observation, this was the first-time she had any medical assessment in 11 hours. At 8:00 am, on December 15, 2013, Christina Boshears' vital signs had not been assessed in 19 ½ hours.

2.129   At 8:00 am, Christina Boshears' MSSA score was 10. Her blood pressure had dropped to 91/56. Orientation and stupor remained at 3. Her tremor and ataxia remained at 1.

2.130   Christina Boshears now had an agitation score of 2, indicating that she had severe agitation.

2.131   Defendant Lynne Williams, LPN offered medication, but Christina Boshears could only respond with grunts and moans. No medication was provided to Christina Boshears.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 30**

2.132   Defendant Lynne Williams, LPN told the officers present that Christina Boshears was dehydrated but "wasn't in any medical distress aside from ... withdrawing from heroin." Incontinence of bowel and bladder would alert anyone with a basic knowledge of first aid that Christina Boshears was in serious distress.

2.133   Per the written Withdrawal and Intoxication Policy "if an inmates condition deteriorates during the detoxification process, the inmate will be transferred to the community hospital for specialized care."

2.134   Defendant ConMed's customs, practices, and policies are "to keep down the cost of inmate heath care services" through aggressive cost containment. When inmates are hospitalized the cost of medical services is increased because staff are required to transport and maintain custody of the inmate during the hospital stay.

2.135   Defendant Kitsap County was aware of and approved of Defendant ConMed's customs, policies and practices to strictly limit hospitalizations. This restriction allows KCSO to "realize significant savings." Christina Boshears was not transferred to the hospital the morning of December 15, 2013.

2.136   Defendant Lynne Williams, LPN was not trained that someone could die due to complications from heroin withdrawal. She thought that maybe Christina Boshears was septic.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 31**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.137   Defendants knew or should have known that Christina Boshears medical condition was serious. Defendant Lynne Williams, LPN thought Christina Boshears was "just being a pain in the butt."

2.138   On December 15, 2013, Christina Boshears never ate any food or drank any fluids.

2.139   Christina Boshears was left alone to die.

**Afternoon, December 15, 2013**

2.140   Christina Boshears received no further medical observation or assessment until 1:04 pm, five hours later.

2.141   At 1:04 pm, Christina Boshears' blood pressure was 70/43, with a pulse of 84. Defendant Lynne Williams, LPN attempted a sternal rub, but Christina Boshears did not respond to pain.

2.142   At 1:10 PM, Defendant Lynne Williams, LPN took Christina Boshears' blood pressure again, this time with a different blood pressure cuff. Her blood pressure was 70/46, her pulse had dropped to 76. She remained unresponsive to pain. Her breathing was labored. Her eyes were unblinking and unresponsive to light.

2.143   At approximately 1:19 pm the ambulance was called and arrived at 1:23 PM.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 32**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

2.144   Ambulance staff found Christina Boshears unresponsive with no radial pulse. They were told that Christina Boshears was last seen awake and talking two days ago.

2.145   Ambulance staff started CPR and shocked Christina Boshears three times to no avail. She left KCSOJ by ambulance at 1:49 PM.

2.146   Christina Boshears' cause of death is listed as Cardiac Arrhythmia (ventricular fibrillation) secondary to hyperkalemia (high blood potassium) complicating acute and chronic intravenous drug abuse.

2.147   Christina Boshears was just 35 years old when she died. Her death was easily preventable.

2.148   Christina Boshears left behind two children, Jordan Boshears and Morgan Boshears.

2.149   On September 16, 2016, pursuant to RCW 4.96.020, Plaintiffs caused a notice of claim to be served upon the County of Kitsap.

## 3. CAUSE OF ACTION

1. **FIRST CAUSE OF ACTION:**
**DELIBERATE INDIFFERENCE OF SERIOUS MEDICAL NEEDS**
**42 U.S.C. §1983**

3.1   Plaintiffs repeat, allege, and incorporates by reference the allegations contained in the above paragraphs.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 33**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.2    While acting under color of state law, the defendants had  duties  to provide Christina Boshears with reasonable health care. Because of defendants' deliberate indifference to Christina Boshears' serious medical condition, Christina Boshears suffered and died a lingering death. Defendants' customs, practices, and policies drove the defendants to disregard Christina Boshears serious medical condition. The deliberate indifference to medical needs, cruel and unusual punishment, and wanton infliction of pain and suffering was a violation of Christina Boshears' rights under the United States Constitution, 8th and 14th amendments.

Plaintiff Christina Boshears was incarcerated on December 11, 2013. While incarcerate and had a constitutional right to receive necessary and reasonable health care for the medical conditions known or discoverable by the Defendants, that caused her pre-death pain and suffering and death.  As an inmate at KCSOJ, Defendant Kitsap County had a non-delegable duty to provide Christina Boshears medical care.

3.3    Defendant Kitsap County contracted with Defendant ConMed to provide medical care to KCSOJ inmates. Defendant medical providers, including, but not limited to Defendant Medical Providers, who were employed by Defendant ConMed and at all times acted within their scope of employment. Defendant ConMed employees acted under color of state law in the provision of medical care to inmates in the custody of Defendant Kitsap County.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 34**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.4     The defendants had a duty to provide Christina Boshears reasonable and necessary medical care while she was incarcerated at the KCSOJ in December 2013.

3.5     While incarcerated, Christina Boshears suffered serious medical complications due to heroin withdrawal, dehydration, and excess potassium. Her medical needs were serious, required necessary medical care but went untreated for at least two days. Defendants' breached their duties and were deliberately indifferent to Christina Boshears' life threatening medical condition and suffering.

3.6     On December 14, 2013, Defendant Debbie Buck, LPN prevented Christina Boshears from attending an appointment with a doctor at a critical juncture in her medical condition. The appointment was at the KCSOJ. However instead of taking Christina Boshears to the necessary medical appointment Defendants moved her to another wing of the jail. Christina's medical condition so concerned officers they requested increased medical observation and treatment for her.  The nursing staff did not increase observations or necessary treatment. Nursing staff said Christina was "faking" and left her life threatening medical condition of dehydration untreated. KCSOJ staff did not intervene. No health care provider provided Christina Boshears with needed fluids.

3.7     The following morning, December 15, 2013, Christina Boshears was found in her own feces. Again, KCSOJ officers, requested that health care providers provide additional health care to Christina but nursing staff said Christina was "just a little dehydrated" and provided no additional care including necessary fluids. Defendant

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 35**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Lynne Williams, LPN refused to help her. KCSOJ staff did not intervene. At this point, Christina Boshears required appropriate medical care at the facility or transfer to a hospital to save her life.

3.8   Defendants breached their duties  to provide Christina with reasonable and necessary care by providing appropriate medical care or transfer her to a medical facility where appropriate care could be provided. This failure demonstrated deliberate indifference to her life threatening medical condition and circumstances.  By doing so, Christina Boshears, an inmate at KCSOJ, was denied her constitutionally guaranteed rights to reasonable and necessary medical care.

3.9   The Defendants' actions and non-action in failing to provide KCSOJ inmate Christina Boshears with reasonable and necessary medical care for serious medical condition she suffered while incarcerated at KCSOJ during December 11 -15, 2013, were the result of the defendants' actual policies, customs, and practices of disregarding inmates constitutional right to receive reasonable and necessary medical care.

3.10   Defendants' unconstitutional actual policies, practices, and customs, as opposed to written policy was the driving force behind the defendants' violation of Christina Boshears constitutional right to medical care. The actual policies, customs, and practices caused their failure to provide inmate Christina Boshears reasonable and

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 36**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

necessary health care while she was incarcerated at KCSOJ, these failures caused Christina Boshears substantial pre-death pain and suffering and death.

3.11    The defendants' actions and non-actions in failing to provide KCSOJ inmate Christina Boshears with reasonable and necessary medical care for serious medical condition violated KCSOJ inmates, including, but not limited to:  Christina Boshears' US Constitutional 8th and 14th Amendment rights. The defendants' actions and non-actions:

3.11.1  demonstrate the defendant's deliberate indifference to the serious medical needs of inmates including Christina Boshears;

3.11.2  constitute unnecessary and wanton infliction of unnecessary pain,

3.11.3  constitute cruel and unusual punishment; and

3.13.4  were a proximate cause of Christina Boshears' pre-death pain and suffering and death.

### 2.  SECOND CAUSE OF ACTION:  DELIBERATE INDIFFERENCE WAS THE RESULT OF UNCONSTITUTIONAL POLICIES, CUSTOMS, AND PRACTICES BY DEFENDANTS CONMED AND KITSAP COUNTY 42 U.S.C. § 1983

3.12    Plaintiffs repeat, allege, and incorporates by reference the allegations contained in the preceding paragraphs.

3.13    While acting under color of state law the defendants violated Christina Boshears' rights under the US Constitution, 8th and 14th Amendments, through their

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 37**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

deliberate indifference to her serious medical needs. The defendants' customs, practices, and actual policies were the driving force behind the deliberate indifference displayed by defendants. This deliberate indifference led to Christina Boshears pain, suffering and ultimate death.

### **Defendant ConMed Liability**

*Policy NOT to Follow Written Policy*

3.14    Although Defendant ConMed's official written policy requires jail health care staff to monitor and treat inmates during withdrawal from drugs and alcohol when an inmate is at risk of withdrawal this is not its actual policy, custom or practice.

3.15    Between May 2012 and December 2013 Christina Boshears was incarcerated at KCSOJ nine times. During her intake for 7 of the nine incarcerations, Christina reported she was using heroin daily. Despite her report and defendants' knowledge of her heroin addiction, defendants never promptly provide withdrawal monitoring or appropriate medical care. In the 9 times Christina Boshears was incarcerated at KCSOJ, the defendants provided monitoring and treatment for withdrawal only twice.

3.16    Defendants' actual policies, customs, and practices of failing to follow KCSOJ's written policy that required both monitoring and treatment of inmates withdrawing from addictive drugs and allowed and encouraged jail and health care staff

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 38**

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.
jandrews@bcalawyers.com

to ignore the danger to drug addicted inmates from withdrawal from heroin and other addictive substances.

3.17    Defendants' actual policies, customs, and practices of not monitoring and treating inmates withdrawing from drug addiction deprived Christina Boshears and other inmates of their constitutional rights to receive necessary and reasonable medical care for withdrawal from drugs and created a risk of serious injury or death.

3.18    Defendants' actual policies, customs, and practices policies, customs, and practices were  the moving force behind the violation of Christina Boshears and other inmates' constitutional rights to necessary and reasonable medical care and reflected defendants' deliberate indifference to inmates' constitutional rights and their duty to provide appropriate and necessary medical care to inmates. The deliberate indifference by the defendants was the cause of Christina Boshears' pre-death pain and suffering and death.

*Written Policy Employs Inadequate Care and Monitoring*

3.19    First, Defendant ConMed utilizes the MSSA to monitor the condition of inmates withdrawing from all classifications of drugs and/or alcohol. The MSSA is designed to monitor alcohol withdrawal symptoms and is not appropriate for heroin withdrawals.

3.20    Defendant ConMed's practice of utilizing an inadequate tool for monitoring opiate withdrawal was a driving force behind staff deliberate indifference to

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 39**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Christina Boshears. Inadequate diagnosis contributed to the failure to treat Christina's serious medical condition and a wanton infliction of unnecessary pain.

3.21    Second, Defendant ConMed's withdrawal policy and I-9 protocol does not include monitoring for inmates suffering from dehydration during withdrawal from drug addiction. Defendant ConMed and had no policy that required jail health care personal to monitor patient's fluid intake and dehydration during drug withdrawals. Defendant ConMed's failure to assure that Christina Boshears was monitored and treated for inadequate fluid intake and dehydration while she was withdrawing from heroin addiction while incarcerated at KCSOJ was a cause of her death.

3.22    Defendants knew Christina Boshears was dehydrated. Her fluid intake was never monitored. She was never encouraged to drink fluids. Medical providers never provided her with fluids. Medical providers never inquired as to if she was drinking or not.  Christina Boshears death was easily preventable if she had only been given fluids.

3.23    Defendant ConMed's actual policies, customs, and of not training, encouraging, and requiring its health care staff to monitor inmates withdrawing from drug addiction for hydration and encourage fluids constituted deliberate indifference to inmates' constitutional rights to necessary and reasonable medical treatment and Defendants' duty to provide necessary medical care to inmates, including Christina Boshears.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 40**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

*Aggressive Cost Containment Policies*

3.24    Defendant ConMed's actual policies, customs, and practices when providing health care to inmates is to prioritize the reduction of the cost of out of jail health care before the medical needs of inmates. Defendant ConMed's actual policies, customs, and practices were  to strictly limit inmate transfers to community hospitals. This limit on hospitalization is a critical component to Defendant ConMed's actual policies, customs, and practices of prioritizing cost savings over inmate's medical needs.

3.25    On December 15, 2013, Christina Boshears was found in her own feces. Health care staff did not treat the event as the serious medical condition that it was. KCSOJ officers were concerned but nursing staff said Christina was "just a little dehydrated" and provided no additional care and no necessary fluids. Defendant Lynne Williams, LPN refused to help her. At this point, Christina Boshears required transfer to a hospital to save her life. Transfer to a hospital was denied.

3.26    Defendant ConMed's actual policies, customs, and practices of reducing costs of care were the driving force behind defendants' disregard of written policy, in violation of inmates' constitutional rights and prioritizing the actual practice of limiting hospitalizations.

3.27    As a result of defendants' policies, customs and practices, staff did not provide Christina Boshears necessary medical care including necessary transfer for urgent medical care at the community hospital.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 41**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

*Policy Requiring Authorization Prior to Transfer to Hospital and Incentive Program to Prevent Hospitalization*

3.28    In critical care situations Defendant ConMed staff triage and consult with a physician before activating emergency medical transport. All staff, including physicians, are aware that Defendant ConMed's actual policies, customs, and practices is to keep medical care costs down through aggressive cost containment.

3.29    Defendant ConMed's actual policies, customs, and practices of discouraging staff from incurring reasonable and necessary outside medical care for inmates discourages medical staff from transferring inmates to the hospital for care due to the increase costs which are born by Kitsap County Sheriff and County in part because the Defendant Kitsap County must pay the cost of in-custody supervision throughout an inmate's hospital stay.

3.30    Defendants ConMed's actual policies, customs and practices include an incentive program that prioritizes cost savings over protecting the life and health of inmates.

3.31    On December 14, 2013, Christina Boshears' MSSA had more than doubled. Despite the written policy to send Christina to a community hospital the actual policy to strictly limit transfers to community hospitals was employed. The medical director was informed of the increase in her MSSA score. The medical director was also aware of the policies, practices, and customs to retain inmates at KCSOJ rather than

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 42**

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.
jandrews@bcalawyers.com

transferring them and aware of the incentive program to keep inmates at KCSOJ. As a result, Christina Boshears was not transferred to the community hospital where she would have surely received hydration, saving her life.

3.33    The decision on multiple occasions not to transfer Christina Boshears to a community hospital for necessary medical care despite written policy was condoned at all levels, incentivized, and pursuant to Defendant ConMed's actual policies, customs and practices of cost savings being prioritized over inmate's medical needs.

3.34    Defendants, pursuant to their actual policies, customs, and practices of placing cost savings before inmate medical needs deliberately denied Christina Boshears' her right to necessary medical care to save the cost of outside health care.

3.35    Defendants have a duty to provide necessary medical care to inmates. Defendant's actual policies, customs and practices of placing cost saving before inmates' health was the moving force behind defendants deliberate indifference to inmates', including Christina Boshears', constitutional right to reasonable and necessary medical care.

3.36    Defendants' unconstitutional actual policies as opposed to written policies of inadequate procedures for care and monitoring; and their customs, policies, and practices of prioritizing profits over people and incentivizing cost savings before lives was the driving force behind the defendants' violation of Christina Boshears' constitutional right to medical care. The actual policies, customs, and practices caused

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 43**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

the defendants to fail to provide Christina Boshears reasonable and necessary health care while she was incarcerated at KCSOJ, this failure caused Christina Boshears substantial pre-death pain and suffering and death.

3.37    The Defendants' policies, customs, and practices were the driving force behind Defendants' actions and non-action in failing to provide KCSOJ inmate Christina Boshears with reasonable and necessary medical care for a serious medical condition violated KCSOJ inmates, including Christina Boshears', US Constitutional 8th and 14th Amendment rights. The defendants' actions and non-actions:

3.37.1  demonstrate the defendants' deliberate indifference to the medical needs of inmates including Christina Boshears;

3.37.2  constitute unnecessary and wanton infliction of unnecessary pain;

3.37.3  constitute cruel and unusual punishment; and,

3.37.4  were a  cause of Christina Boshears' pre-death pain and suffering and death.

### Defendant Kitsap County Liability

3.38    Defendant Kitsap County has a non-delegable duty under the US Constitution, Eighth and Fourteenth Amendment to assure all inmates incarcerated at KCSOJ received necessary health care.

3.39    Defendant Kitsap County endorsed and observed the clearly articulated aggressive cost containment policies of Defendant ConMed, which form the basis of the

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 44**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

contract between Defendant Kitsap County and Defendant ConMed. As such the policies promulgated by Defendant ConMed are the policies of Defendant Kitsap County.

*Policy NOT to follow Written Policy*

3.40    Defendant Kitsap County knew or should have known, of the actual policies, customs and practices of failing to follow KCSOJ's written policies that required both monitoring and treatment of inmates withdrawing from addictive drugs. The actual policies, customs, and practices allowed jail and health care staff to ignore the danger to drug addicted inmates from withdrawal from heroin and other addictive substances.

3.41    Defendants' actual policies, customs and practices of not monitoring and treatment of inmate withdrawing from drug addiction deprived Christina Boshears and other inmates of their constitutional rights to receive necessary and reasonable medical care for withdrawal from drugs and created a risk of serious injury or death.

3.42    Defendants' actual policies, customs and practices were   the moving force behind the violation of Christina Boshears' and other inmates' constitutional rights to necessary and reasonable medical care and reflected defendants' deliberate indifference to inmates' constitutional rights and their duty to provide appropriate and necessary medical care to inmates.

*Aggressive Cost Containment Policies*

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 45**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.43    Defendant Kitsap County knew or should have known of Defendant ConMed's actual policies, customs and practices of placing cost savings before inmates' health and lives.   Defendant ConMed's aggressive cost saving, including incentivizing staff to retain inmates at the prison and to strictly limit inmate transfers, was a key component in Defendant ConMed securing the contract from Defendant Kitsap County to provide inmate health care services.

3.44    Defendant Kitsap County knew and/or had information that would lead a reasonable person to know of Defendant ConMed's unconstitutional aggressive cost containment policies, customs, and practices. By entering into a contract with Defendant ConMed, in which these policies, customs, practices, and policies are clearly articulated, form the basis of the contract, and by observation of Defendant ConMed's actual customs, policies, and practices relating to inmate's medical care, Defendant Kitsap County approved of and promulgated Defendant ConMed's policies, customs, and practices.

3.45    Defendant Kitsap County is responsible for each of Defendant ConMed's unconstitutional policies, customs, practices that were the driving force behind the deliberate indifference to inmates', including Christina Boshears', constitutional right to necessary and reasonable medical care.

*Inadequate Training to Prevent Deliberate Indifference of Serious Medical Need: No policy to prevent is a policy to allow*

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 46**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.46    The policies, customs, and practices of the Defendants Kitsap County, Defendant Kitsap County Sheriff, and the Defendant Jail Administrator was to defer to Defendant ConMed and not to adequately train, instruct supervise KCSOJ jail personnel such that KCSOJ staff would protect inmate's constitutional rights to reasonable and necessary medical care.

3.47    Lacking in adequate training, instruction, and supervision KCSOJ personnel were unable to recognize and rectify healthcare provider's violation of inmates' constitutional rights to reasonable and necessary health care.

3.48    Throughout Christina's incarceration, KCSOJ officers were concerned about Christina's deteriorating medical condition. For example, on the morning of December 14, 2013, Officer Mahn was so concerned with Christina's life threatening health condition he confirmed that Christina was scheduled to see a medical doctor.

3.49    Defendant ConMed including Defendant ConMed employee, Defendant Debbie Buck, LPN, refused to allow Christina to see the doctor as scheduled. The officer complied with Defendant Debbie Buck's direction to not to allow a medical visit despite the officer's concern regarding Christina's serious medical condition.

3.50    The Officers that transferred Christina to South Pod on December 14, 2013 were so concerned with Christina's deteriorating medical condition they requested Defendant ConMed place Christina on medical observation and provide appropriate medical care.

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 47**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.51    Defendant ConMed did not place Christina Boshears on medical observation or provide appropriate health care for her deteriorating medical condition.

3.52    By policies, customs and practices of Defendants Kitsap County, Kitsap County Sheriff, and the Jail Administrator the KCSOJ staff are not trained, authorized or empowered to question or disregard medical staff decisions regarding monitoring and treatment of inmates' medical conditions even when medical staff are violating an inmates' constitutional rights.

3.53    Defendants Kitsap County, Kitsap County Sheriff, and Jail Administrator have a policy of allowing deliberate indifference to serious medical needs through their policies, customs, and practices of not training, instructing, or supervising jail staff to assure that inmates rights to reasonable and necessary medical care are protected. This policy was a moving force in the deprivation of inmates', including Christina Boshears', constitutional rights to reasonable and necessary medical care.

3.54    Defendants Kitsap County and Kitsap County Sheriff's policies, customs and practices of not training, instructing, or supervising jail staff to assure inmates rights to reasonable and necessary medical care are protected and provided constitutes an indifference to the rights of KCSOJ inmate's rights was a cause of Christina Boshears death.

3.55    Defendants' unconstitutional actual policies, customs, and practices as opposed to written policy; inadequate procedures for care and monitoring; and their

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 48**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

custom, policy, and practice of prioritizing profits over people and incentivizing cost savings before lives was the driving force behind the defendants' violation of Christina Boshears' constitutional right to medical care. In addition, Kitsap County's lack of policies, customs, and practices to prevent constitutional violations by medical staff is in fact a policy to allow violations. The actual policies, customs, practices, and lack of training caused the defendants to fail to provide Christina Boshears with reasonable and necessary health care while she was incarcerated at KCSOJ, this failure caused Christina Boshears substantial pre-death pain and suffering and death.

3.56    The defendants' policies, customs, and practices were the driving force behind Defendants' actions and non-action in failing to provide KCSOJ inmate Christina Boshears with reasonable and necessary medical care for a serious medical condition violated KCSOJ inmates, including Christina Boshears', US Constitutional 8th and 14th Amendment rights. The defendants' actions and non-actions:

3.56.1    Demonstrate the defendants' deliberate indifference to the medical needs of inmates including Christina Boshears;

3.56.2    Constitute unnecessary and wanton infliction of unnecessary pain;

3.56.3    Constitute cruel and unusual punishment; and,

3.56.4    Were a proximate cause of Christina Boshears' pre-death pain and suffering and death**.**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 49**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

### 3. THIRD CAUSE OF ACTION:

### RCW 7.70 *et seq.* INJURIES RESULTING FROM HEALTH CARE

3.32    Plaintiffs repeat, allege, and incorporates by reference the allegations contained in the preceding paragraphs.

3.57    During her incarceration at KCSOJ during December 2013 Christina Boshears, an inmate at KCSOJ, required and received health care relating to withdrawal from heroin addiction from the defendants.

3.58    The defendants and each of them had a duty to provide Christina Boshears health care while she was incarcerated at KCSOJ.

3.59    The defendants violated their duty to provide Christina Boshears reasonable and necessary health care while she was incarcerated at the KCSOJ.

3.60    The health care provided by the defendants to Christina Boshears was below the standard of care of a reasonably prudent Washington State health care provider(s) of their category providing health care to an inmate suffering from the conditions afflicting Christina Boshears while she was incarcerated at KCSOJ during December 2013.

3.61    The negligent health care (heath care below the standard of care of a reasonably prudent Washington State health care provider) provided by the defendants

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 50**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

to Christina Boshears while incarcerated at KCSOJ was a cause of Christina Boshears avoidable pre- death suffering and death.

3.62    The negligent health care (heath care below the standard of care of a reasonably prudent Washington State health care provider) provided by the defendants to Christina Boshears while incarcerated at KCSOJ in December 2013, was a cause of plaintiffs' harms, losses, and damages.

3.63    Plaintiffs' harms, losses, and damages include, but are not limited to: Christina Boshears' pre-death pain and suffering, the death of Christina Boshears, loss of consortium, loss of love and affection and other harms, losses and damages to be proven at trial.

3.64    Defendants ConMed and the other named Health Care/ Medical Provider Defendants failed to provide Christina Boshears with the degree of medical care that a reasonably prudent Washington State healthcare provider would have provided under the circumstances present when Christina Boshears was incarcerated at KCSOJ during December 11-15, 2013.

3.65    The medical care provided by Defendant Con Med was below the standard of care for a jail health care provider proving medical care to inmates in the following specifics:

3.65.1    Defendant Debbie Buck, LPN did not allow Christina to be examined and treated by a physician and did to increase monitoring when

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 51**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Christina Boshears' MSSA score more than doubled, she developed a tremor, she was in a stupor, and she appeared disoriented;

3.65.2 despite having knowledge of inmate Christina Boshears' declining medical condition, including a significant decline in her vital signs and increase in symptoms of complications from heroin withdrawal, did not transfer Christina to a hospital;

3.65.3 did not prescribe hydrating her;

3.65.4 imprudently prescribed Librium, a drug that was contraindicated due to Christine Boshears' signs and symptoms including lethargy;

3.65.5 failure to monitor Christina Boshears fluid intake;

3.65.6 failure to provide Christina Boshears with necessary fluids;

3.65.7 failure to respond to Christina Boshears stupor that had her lying in her own human waste;

3.65.8 failure to transfer Christina Boshears to available hospital medical care;

3.65.9 failure to consult with a medical doctor;

3.65.10 failure to have Christina Boshears examined and treated by a qualified medical doctor;

3.65.11 failure to identify and treat Christina Boshears' hyperkalemia; and,

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 52**

3.65.12and other actions and non-action to be proven at trial and explained by expert medical testimony.

3.66    These failures to provide necessary and reasonable medical care to Christina Boshears allowed her to become dehydrated, leading to hyperkalemia.

3.67    Untreated, Christina Boshears' hyperkalemia progressed to fatal cardiac arrhythmia.

3.68    The negligent health care provided and the necessary health care not provided, by the defendants was a cause of Christina Boshears pre-death pain and suffering and death.

**Vicarious Liability**

3.69    Defendant ConMed was the employer of the Medical Provider Defendants including but not limited to Defendant Debbie Buck LPN, Defendant Lynne Williams LPN, Defendant Sarah Johnson, LPN, Defendant Vivek Shan MD, and other John and Jane Doe health care providers.   The Medical Provider Defendants acted within the scope of their employment in regards to the health care provided or not provided to Christina Boshears, an inmate at the KCSOJ during December 2013, when their care fell below the standard of care for a reasonably prudent health care provider of their category responsible for and providing health care to an inmate suffering from withdrawal from heroin addiction and other related medical conditions.

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 53**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1
2
3

3.70    As their employer, Defendant ConMed is vicariously liable for the conduct of the Medical Provider Defendants including their negligent health care and violation of Christina Boshears constitutional rights.

4
5
6
7
8
9
10
11
12
13
14

3.71    The Medical Provider Defendants including but not limited to Defendant Debbie Buck LPN, Defendant Lynne Williams LPN, Defendant Sarah Johnson, LPN, Defendant Vivek Shah MD, and other John and Jane Doe health care providers.   The Medical Provider Defendants acted within the scope of their employment in regards to the health care provided or not provided to Christina Boshears, an inmate at the KCSOJ during December 2013 when their care fell below the standard of care for a reasonably prudent health care provider of their category responsible for and providing health care to an inmate suffering from withdrawal from heroin addiction and other related medical conditions.

15
16
17
18
19
20
21

3.72    Defendant Kitsap County had a legal duty to provide Christina Boshears with medical care. This legal duty is nondelegable. Defendant Kitsap County contracted with Defendant ConMed to provide medical care to inmates. Because the duty is nondelegable Defendant Kitsap County is ultimately vicariously liable for the conduct of the Medical Provider Defendants including their negligent health care and violation of Christina Boshears constitutional rights.

**4.  FOURTH CAUSE OF ACTION:  TORT OF OUTRAGE**

22
23
24
25
26
27
28

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 54**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

3.73    Plaintiffs repeat, allege, and incorporates by reference the allegations contained in the preceding paragraphs.

3.74    Defendant Debbie Buck LPN's conduct was extreme and outrageous. Defendant Debbie Buck, LPN, failed to begin withdrawal monitoring when Christina was booked. She failed to assess Christina Boshears as required on the morning of December 14, 2013. When she did assess Christina Boshears it was only because several officers were so concerned that they called for her. Despite Christina Boshears obvious decline, inability to sit on her own or communicate, Defendant Debbie Buck, LPN, refused to allow Christina to keep her appointment with the doctor as scheduled. Even though the doctor was located at KCSOJ.

3.75    Defendant Debbie Buck, LPN knew Christina was in obvious distress but she did nothing. Throughout the assessment on December 14, 2013, Christina was incoherent. She could not follow commands and answered with grunts. She was dying of dehydration. Defendant Debbie Buck, LPN told KCSOJ officers that Christina was fine. After Defendant Debbie Buck learned that Christina had died she maintained that she did not allow Christina to see the doctor because Christina was "faking it."

3.76    Defendant Lynne Williams' LPN conduct was extreme and outrageous. Defendant Lynne Williams, LPN, assessed Christina on the morning of December 15, 2013. She saw Christina was lying in her own feces with her shirt around her neck because she had just given up. She watched officers remove Christina's clothing and

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 55**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

cover her with a blanket. All the while Christina was moaning and groaning, unable to communicate. Despite the obvious need for medical attention, Defendant Lynne Williams did nothing.

3.77    Defendant Lynne Williams, LPN knew Christina was suffering. She watched her lying in her own feces groaning. Despite the Officers present all stating that Christina had soiled herself and the cell smelled of feces, Defendant Lynne Williams later lied and said she did not know Christina had been incontinent of bowel, a sure sign that someone is dying. Defendant Lynne Williams knew Christina was dehydrated but when she learned that Christina had died she said Christina was just being a "pain in the butt."

3.78    The extreme and outrageous conduct of Medical Provider Defendants was known, condoned, and encouraged by Defendant ConMed's policies, practices, and customs of aggressive cost containment. The policies, practices, and customs that prioritize profits over inmate basic health is extreme and outrageous behavior.

3.79    Because of the outrageous and extreme behavior of Defendant ConMed and Medical Provider Defendants, Christina suffered severe emotional distress. Christina was in a stupor and disoriented, unable to follow commands, and unable to communicate her needs for at least two days. By the last day of her life she was moaning and groaning in agony. She lay dying in her own feces while staff did nothing.

## 4.  RELIEF REQUESTED

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 56**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

Plaintiffs respectfully request relief from this Court and a jury against defendants, jointly and severally, for:

1. General Damages to be proven at trial;

2. Special Damages to be proven at trial;

3. Punitive Damages in the amount to be determined by the jury;

4. Attorney fees and costs as allowed under 42 USC §§ 1983, 1988 and any other applicable statute and caselaw; and,

5. Other remedies the Court deems appropriate.

Plaintiffs' First Amended Complaint dated February 1, 2017.


_____*/s/ John C. Andrews*_____
JOHN C. ANDREWS, WSBA No. 21387
BISHOP, CUNNINGHAM, &
                     ANDREWS, INC. P.S.
Attorney for Plaintiffs
3330 Kitsap Way Ste. B
Bremerton, WA 98312
Tele: 360.377.7691 Facsimile: 360.377.5484
Email addresses:
jandrews@bcalawyers.com
nkunish@bcalawyers.com
maryann@bcalawyers.com


_____*/s/ Jeffery M. Campiche*_____


**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 57**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1

JEFFERY M. CAMPICHE, WSBA No. 7592
CAMPICHE ARNOLD, PLLC
Attorney for Plaintiffs
Market Place Tower, Suite 830
2025 First Avenue
Seattle, WA  98121
Tele: 206.281.9000 Facsimile:  206.281.9111
Email addresses:
jcampiche@campichearnold.com
lharris@campichearnold.com

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLTFs FIRST AMENDED COMPLAINT FOR
WRONGFUL DEATH, 42 US §§1983, 1988,
MEDICAL NEGLIGENCE AND TORT OF
OUTRAGE - 58**

**CAMPICHE ARNOLD PLLC**
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**BISHOP, CUNNINGHAM, &
ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

# CERTIFICATE OF SERVICE

I certify under penalty of perjury of the laws of the State of Washington that, on February 1, 2017, a copy of this pleading was:

Filed ECF with copies available to all counsel of record

And sent via Email and  to Defendants Attorneys:

Ione S. George
Chief Deputy Prosecuting Attorney
Christine M. Palmer
Deputy Prosecuting Attorney
Kitsap Co. Prosecuting Attorney
614 Division Street, MS-35A
Port Orchard, WA  98366-4676
Tele:  360.337.4992
Fax:   360.337.7083
Emails:  igeorge@co.kitsap.waus
          cmpalmer@co.kitsap.wa.us

Attorneys for Defendants Kitsap Co.,
Sheriff Steve Boyer
Jail Administrator Ned Newlin

Craig McIvor
Lee Smart PS Inc.
701 Pike Street
Suite 1800, One Convention Place
Seattle, WA  98101-3929
Tele:  206.624.7900
Fax:  206.624.5944
Email:  clmc@leesmart.com

Attorneys for Defendant ConMed, LLC  and Vivek Shaw, MD

CAMPICHE ARNOLD PLLC
2015 First Avenue, Suite 830
Seattle, WA 98121
Ph: 206-281-9000; fax 206-281-9111

**PLTFs FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH, 42 US §§1983, 1988, MEDICAL NEGLIGENCE AND TORT OF OUTRAGE - 59**

**BISHOP, CUNNINGHAM, & ANDREWS, INC. P.S.**
jandrews@bcalawyers.com

1

2                          ____s/ Leslie S. Harris, Paralegal, Campiche Arnold PLLC __

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              **CAMPICHE ARNOLD PLLC**
                                                2015 First Avenue, Suite 830
27                                              Seattle, WA 98121
                                                Ph: 206-281-9000; fax 206-281-9111
28  **PLTFs FIRST AMENDED COMPLAINT FOR**
    **WRONGFUL DEATH, 42 US §§1983, 1988,**      **BISHOP, CUNNINGHAM, &**
    **MEDICAL NEGLIGENCE AND TORT OF**           **ANDREWS, INC. P.S.**
    **OUTRAGE - 60**                             jandrews@bcalawyers.com