HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM BOSHEARS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> KITSAP COUNTY, et al, <br><br> Defendants. | CASE NO. C16-6012RBL <br><br> ORDER DENYING DEFENDANTS BOYER'S AND NEWLIN'S MOTION TO DISMISS <br><br> DKT. #50 |

THIS MATTER is before the Court on Defendants Steve Boyer's and Ned Newlin's Motion to Dismiss [Dkt. #50] Plaintiffs Christina Boshears', her Estate's, and surviving family members' claims against them under Federal Civil Rule 12(b)(6). Boshears died while in custody at the Kitsap County Jail. At the time, Boyer was the Sheriff of Kitsap County and Newlin was the Chief of the Kitsap County Correctional facility. Boshears alleges a 42 U.S.C. § 1983 denial of prisoner medical care claim against them.

**I. DISCUSSION**

In their Amended Complaint [Dkt. #11], Plaintiffs allege Boyer and Newlin were the final policymakers of the Kitsap County Sheriff Office Jail (KCSOJ), where practices, policies, and customs demonstrated "deliberate indifference" to inmates' constitutional right to receive

necessary healthcare for "serious medical needs," such as when "the failure to treat a prisoner's condition could result in further significant injury"—in this case death—or could cause "unnecessary and wanton infliction of pain." *See Estella v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). They allege that as the final policymakers, Boyer and Newlin were ultimately responsible for the operation, and actual practices, of KCSOJ. They also allege Boyer and Newlin failed to assure KCSOJ met minimum federal standards, and instead promulgated policies and practices that prioritized aggressively cutting and containing costs over redressing inmates' serious medical needs. This "unwritten" prioritization is allegedly evidenced by the Jail's allowing licensed practical nurses to assess inmates' health, which Plaintiffs claim exceeds the training and licensure of LPNs, and by discouraging transfers of inmates to hospitals, even when necessary for treatment of serious, life-threatening medical conditions.

Upon a motion to dismiss under Federal Civil Rule 12 (b)(6), the Court limits its review to the allegations of material fact set forth in the Complaint, which are taken to be true and viewed in the light most favorable to the non-moving party together with all reasonable inferences therefrom. *See Pierce v. NovaStar Mortg., Inc.*, 422 F.Supp.2d 1230, 1233 (2006) (citing *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)). Dismissal can be based on both the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss and need not be accepted as true. *Id.*; *see also Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … , a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (C.A.7 1940)).

Plaintiffs' Amended Complaint is replete with references to "written" policies requiring KCSOJ staff to monitor and to treat inmates withdrawing from opiate addiction that contradict its "actual" policy of not monitoring for drug withdrawal. It also references to the contract between Defendant Kitsap County and Defendant ConMed (the on-site health services provider), which allegedly articulates customs, practices, and policies prioritizing and incentivizing savings. It also alleges Boyer and Newlin, as signatories to the contract, had to know, or at the least, should have known, the true intent of the KCSOJ's contract with ConMed: "save money, put safety last."

As a slogan, this allegation might make a catchy bumper sticker, but as the Supreme Court admonishes, a plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On the face of the Complaint, it is evident something went terribly wrong in the jail between December 12, 2013 and December 15, 2013 involving Christina Boshears. Whether it involved the personal participation of Boyer and/or Newlin cannot be gleaned from Plaintiffs' factual assertions, but she has raised a plausible-enough-on-its-face assertion that as contract signatories, they had a role in setting the jail's unwritten policies, or at least should have known the effect of those policies on inmates in need of serious medical attention. The Court will therefore defer deciding on the claims against Boyer and Newlin until Plaintiffs have had an opportunity on summary judgment to present evidence making more concrete the viability of their claims against these two individuals.

## II. CONCLUSION

The Motion to Dismiss [Dkt. #50] is DENIED without prejudice.

Dated this 22nd day of June, 2017.

Ronald B. Leighton
United States District Judge